<u>IN THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| BOROUGH OF CATASAUQUA, | ) | |
| | ) | Civil Action |
| Plaintiff | ) | No. 11-cv-03855 |
| | ) | |
| vs. | ) | |
| | ) | |
| DARWIN NATIONAL ASSURANCE | ) | |
| COMPANY, also known as Allied | ) | |
| World Assurance Company (U.S.) | ) | |
| Inc.; and | ) | |
| ALLIED WORLD NATIONAL ASSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants | ) | |

*   *   *

APPEARANCES:
        JEFFREY R. DIMMICH, ESQUIRE
                On behalf of Plaintiff

        LAWRENCE J. BISTANY, ESQUIRE
                On behalf of Defendants

*   *   *

<u>O P I N I O N</u>

JAMES KNOLL GARDNER
United States District Judge

        This matter is before the court on Plaintiff Borough of

Catasauqua's Motion to Remand the Removed Action Pursuant to

28 U.S.C. § 1477(c), which motion was filed July 13, 2011

together with Plaintiff Borough of Catasauqua's Memorandum of Law

in Support of Motion to Remand the Removed Action Pursuant to

28 U.S.C. § 1477(c).  On July 27, 2011, Defendant Darwin National

Assurance Company and Allied World National Assuracne Company's

Response in Opposition to Plaintiff's Motion to Remand was filed.

For the reasons articulated below, I deny plaintiff's motion to remand this action to the Court of Common Pleas of Lehigh County, Pennsylvania.  First, I deny plaintiff's motion to remand because <u>Burford</u> abstention is not appropriate in this action.  <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).  Second, I deny plaintiff's motion to remand because plaintiff's Amended Action for Declaratory Judgment & Statutory Bad Faith filed January 25, 2012 seeks damages for defendant's alleged breach of an insurance contract, and remand of an action for damages is not permitted even when a district court finds that <u>Burford</u> abstention is appropriate.

<u>JURISDICTION</u>

This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  Plaintiff Borough of Catasauqua is a municipal corporation established pursuant to the laws of the Commonwealth of Pennsylvania and, thus, a citizen of Pennsylvania for purposes of diversity jurisdiction.

Defendant Darwin National Assurance Company ("Darwin National") is a corporate citizen of both Delaware and Connecticut for jurisdictional purposes.[1]  Defendant Allied World National Assurance Company ("Allied World") is a corporate

---

[1]    Notice of Removal at ¶ 4.

- 2 -

citizen of both New Hampshire and New York for jurisdictional purposes.[2]  Thus, complete diversity of citizenship exists.

Plaintiff seeks declaratory judgment concerning a Public Officials Professional Liability Insurance Policy, Policy Number 0202-1588 (the "Policy"), which has a policy limit of $1,000,000.  Plaintiff also alleges statutory bad faith against defendants and seeks both compensatory and punitive damages. Thus, the amount in controversy exceeds $75,000.

<u>VENUE</u>

Venue is proper because defendant removed this action from the Court of Common Pleas of Lehigh County, Pennsylvania, which is located within this judicial district.  28 U.S.C. § 1441(a).

<u>FACTUAL AND PROCEDURAL BACKGROUND</u>

<u>The Blue Action</u>

Plaintiff Borough's claim for declaratory judgment and bad faith against defendants Darwin National and Allied World arises from a 2010 lawsuit[3] in which Robert E. Blue Consulting Engineers, P.C. ("Blue Consulting Engineers") asserted (1) copyright infringement against defendants Polaris Engineering, Inc., James W. Green, Corrado Builders, and the

---

[2]     Notice of Removal at ¶ 5.

[3]     See <u>Robert E. Blue Consulting Engineers, P.C. v. Polaris Engineering, Inc.</u>, Civil Action No. 2010-cv-04106, in the United States District Court for the Eastern District of Pennsylvania.

Borough of Catasauqua; (2) breach of contract against defendant
Corrado Builders; and (3) unjust enrichment against Corrado
Builders.[4]

The Blue Action concerned subdivision plans created by
Blue Consulting Engineers for a parcel of real property owned by
James W. Green.  Blue Consulting Engineers alleged, among other
things, that Polaris Engineering had infringed Blue's copyrights
in the subdivision plans created for Mr. Green's property by
copying the plans and submitting the infringing plans to the
Borough of Catasauqua for review and approval.

Count I of the Blue Complaint alleged that Polaris
Engineering, Mr. Green, and Corrado Builders had infringed Blue
Consulting Engineers' copyrights.[5]  Although Count I of the Blue
Complaint was labeled "Copyright Infringement" against "All
Defendants", the Blue Complaint did not allege that the Borough
infringed Blue's copyrights in the subdivision plans.[6]

The Blue Complaint named the Borough as a party "in the
event that the Court determines that the Borough is a necessary
or indispensible party with respect to the relief sought" and
specifically stated that Blue Consulting Engineers "does not

---

[4]     Blue Consulting Engineers filed its civil Complaint ("Blue
Complaint") in this court in Civil Action No. 2010-cv-04106 on August 13,
2010.

[5]     Blue Complaint at ¶ 31.

[6]     Id. at ¶¶ 26-34.

- 4 -

allege any wrongdoing" by the Borough related to the subdivision plans or in concert with the other named defendants in the Blue action.[7]  In addition to monetary damages, Blue Consulting Engineers sought to enjoin "any construction, excavation, and/or planning based on Plaintiff's plans or the infringing plans" and an order requiring the defendants to return all copies of plans in their possession.[8]

Blue Consulting Engineers filed its Complaint on August 13, 2010.  The Borough filed its motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on September 30, 2010.

In its motion to dismiss, the Borough sought dismissal of the Blue Complaint because Blue Consulting Engineers did not state a claim against, or seek any relief from, the Borough; and because the Borough was neither a necessary nor indispensible party, and thus not required to be joined under Rule 19.

For the reasons expressed in my Order dated June 14, 2011, and filed June 15, 2011, I concluded that Blue Consulting Engineers did not state a claim against the Borough and that the Borough was not a necessary party under Rule 19.  Accordingly, I granted the Borough's motion and dismissed the Blue Complaint against the Borough with prejudice.

---

[7]     Blue Complaint at ¶ 8.

[8]     Id. at ¶ 34.

### The Instant Action

On May 19, 2011, while the Blue Action was proceeding and the Borough's motion to dismiss was pending, the Borough filed an Action for Declaratory Judgment & Statutory Bad Faith in the Court of Common Pleas of Lehigh County, Pennsylvania.

On June 13, 2011, the day before the Borough was dismissed from the Blue Action, defendants Darwin National and Allied World removed this action to this federal court.

Plaintiff Borough of Catasauqua's Motion to Remand the Removed Action Pursuant to 28 U.S.C. § 1447(c) was filed on July 13, 2011, together with Plaintiff Borough of Catasauqua's Memorandum of Law in Support of Motion to Remand the Removed Action Pursuant to 28 U.S.C. § 1447(c).

While the Borough's motion to remand was pending, the Borough moved for leave of court to file an Amended Action for Declaratory Judgment & Statutory Bad Faith.[9]  Defendants did not respond to the Borough's motion for leave.  Accordingly, I granted the Borough's motion as unopposed and the Amended Action for Declaratory Judgment & Statutory Bad Faith was filed on January 25, 2012.

The Borough contends that defendants had a duty to defend it in the Blue Action pursuant to the Policy.

---

[9]     Plaintiff Borough of Catasauqua's Motion for Leave of Court to File an Amended Action for Declaratory Judgment and Statutory Bad Faith was filed October 26, 2011.

Specifically, the Borough contends that Darwin National was
contractually obligated to provide a defense to the Borough in
the Blue Action and to reimburse the Borough for attorney's fees
and litigation costs incurred in defending against the Blue
Action.[10]   The Borough further contends that defendants acted in
bad faith by refusing to defend or indemnify the Borough in the
Blue Action.[11]

        The Borough seeks the following:  (1) a declaration
of the rights and obligations of the parties pursuant to the
Policy, and that defendants acted in bad faith; (2) $8,193.50
in defense expenses in the Borough's defense of the Blue Action;
(3) attorney's fees and costs associated with the instant action
($27,600 in fees, and $53.25 in costs as of October 26, 2011);
(4) interest at a rate of prime plus three percent on the sums
expended by the Borough in connection with its defense in the
Blue Action and in prosecuting the instant action; and (5) "all
damages including punitive damages for bad faith arising out of
the refusal/failure to provide a defense and indemnify" the
Borough.[12]

---

[10]    Amended Action at ¶ 48.

[11]    Id. at ¶ 93.

[12]    Id. at pages 17-18, 24-25.

Motion to Remand

The Borough seeks to have this action remanded to the Court of Common Pleas of Lehigh County, Pennsylvania pursuant to the Burford abstention doctrine.[13]  For the reasons discussed below, I conclude the abstention pursuant to Burford is not appropriate in this matter and, therefore, deny plaintiff's motion to remand.

DISCUSSION

Burford Abstention[14]

According to the United States Court of Appeals for the Third Circuit, "[t]he purpose of Burford [abstention] is to 'avoid federal intrusion into matters of local concern and which are within the special competence of local courts.'"  Matusow v. Trans-County Title Agency, LLC, 545 F.3d 241, 247 (3d Cir. 2008) (quoting Hi Tech Trans, LLC v. New Jersey, 382 F.3d 295, 303-04 (3d Cir.2004).  "Generally, Burford abstention is justified where a complex regulatory scheme is administered by a specialized state tribunal having exclusive jurisdiction."  United Services Automobile Association v. Muir, 792 F.2d 356, 364 (3d Cir. 1986).

A two-step analysis determines whether abstention under Burford is appropriate.  First, I must determine whether "timely and adequate state law review is available."  Matusow,

---

[13]    Motion to Remand at pages 3-4.

[14]    Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943).

- 8 -

545 F.3d at 247.  Second, if timely and adequate state law review is available, I must determine whether the case (1) "involves difficult questions of state law impacting on the state's public policy", or (2) "the district court's exercise of jurisdiction would have a disruptive effect on the state's efforts to establish a coherent public policy on a matter of important state concern."  Id. at 247-248.

### Burford Step 1

The first step of the analysis is not in dispute. Plaintiff contends that timely and adequate state law review of this matter is available, and notes that the action was initiated in the Court of Common Pleas of Lehigh County, Pennsylvania.[15] Defendants do not dispute that adequate and timely review is available in the Pennsylvania state courts.[16] Rather, defendants ground their opposition in the second step of the Burford analysis.[17]

### Burford Step 2

The parties dispute the appropriate outcome of the second step of the Burford analysis.  Plaintiff contends that this court should abstain pursuant to Burford for several reasons.

---

[15]   Plaintiff's Memorandum at page 15.

[16]   See Defendants' Memorandum at pages 10-16.

[17]   Defendants' Memorandum at pages 10-16.

First, plaintiff contends the insurance coverage exclusion at the heart of the parties dispute -- precluding coverage for claims "arising out of" engineering or architectural contracts -- "constitutes a question of state law bearing on policy problems of substantial public import whose importance transcends the result" in this matter.[18]

Second, plaintiff contends that Burford abstention is proper because the insurance coverage exclusion involved relates to a municipal entity's entitlement to insurance coverage for actions -- subdivision plan review -- that the municipality is required to take and "should thus be rendered by a state court [because] any such decision will fundamentally impact state public policy and a municipality's continuing ability to perform its statutory obligation of subdivision plan review."[19]

---

[18]    Plaintiff's Memorandum at page 19.

[19]    Plaintiff's Memorandum at page 22.  Although the Borough contends that a decision in this matter could amount to "an attack on the policies embodied by [Pennsylvania's] Municipalities Planning Code, making this an appropriate matter for a Burford abstention', the statements of the Third Circuit Appeals Court indicate otherwise.

        Specifically, in Heritage Farms, Inc. v. Solebury Township, 671 F.2d 743, 747 (3d Cir. 1982), the United States Court of Appeals for the Third Circuit stated that "[t]he Pennsylvania Municipalities Planning Code does not involve the type of uniform and elaborate statewide regulation as was adopted by the State of Texas to govern the drilling of oil wells in Burford." Id.  This action does not challenge the Municipalities Planning Code or the land-use decisions of the Borough.  Rather, this action challenges defendants' refusal to defend the Borough against the Blue Complaint.

Third, and finally, plaintiff contends that this case does not present any federal question, and the absence of any federal question weighs in favor of <u>Burford</u> abstention.[20]

Defendants oppose <u>Burford</u> abstention because this case is not of the extraordinary nature contemplated by the <u>Burford</u> doctrine, and because "a decision in this action will be limited to the application of the fundamental principles of insurance contract interpretation and the determination of any applicable coverage thereunder."[21]

Specifically, defendants contends that a decision here would not intrude on Pennsylvania's insurance or land-use regulatory schemes; and that Pennsylvania courts, though competent to hear the dispute, do not possess any "special competence" to interpret the insurance contract at issue.[22]

Upon consideration of the enumerated factors relevant to the second step of the <u>Burford</u> analysis, I conclude that abstention is not appropriate here.

The United States Court of Appeals for the Third Circuit has explained that the second step of the <u>Burford</u> analysis requires that I assess several factors:

> (1) whether the particular regulatory scheme
> involves a matter of substantial public concern;

---

[20]   Plaintiff's Memorandum at pages 22-23.

[21]   Defendants' Memorandum at pages 9-10.

[22]   <u>Id</u>. at pages 10-13.

- 11 -

>     (2) whether it is the sort of complex technical
>     regulatory scheme to which the <u>Burford</u> abstention
>     doctrine usually is applied; and (3) whether
>     federal review of a party's claims would interfere
>     with the state's efforts to establish and maintain
>     a coherent regulatory policy.

<u>Hi Tech Trans</u>, 382 F.3d at 304.

Each of these factors need not be present to warrant abstention.  <u>Culinary Service of Delaware Valley, Inc. v. Borough of Yardley</u>, 385 Fed.Appx. 135, 144 (3d Cir. 2010)(citing <u>Lac D'Amiante du Quebec, Ltee v. American Home Assurance Company</u>, 864 F.2d 1033, 1043 (3d Cir.1988)).

### Substantial Public Concern

First, I must consider whether the particular regulatory scheme involves a matter of substantial public concern.  <u>Hi Tech Trans</u>, 382 F.3d at 304.  The Third Circuit Court of Appeals has recognized that

>     Pennsylvania has expressed its strong state
>     interest in regulating insurance companies through
>     a complex regulatory scheme, known as the
>     Insurance Department Act,...the stated purpose of
>     which is "the protection of the interests of
>     insureds, creditors, and the public generally."

<u>General Glass Industries Corp. v. Monsour Medical Foundation</u>, 973 F.2d 197, 201 (3d Cir. 1992), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u>, <u>Quackenbush v. Allstate Insurance Agency</u>, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

Pennsylvania's interest in protecting its resident insureds from overreaching insurers is further reflected in its

provision of a statutory cause of action for bad faith by an insurer.  Kilmer v. Connecticut Indemnity Company, 189 F.Supp.2d 237, 246-247 (M.D.Pa. 2002)(Vanaskie, J.).

Thus, I conclude that Pennsylvania's regulatory scheme governing insurers is a matter of substantial public concern.

## Complex, Technical Scheme

Next, I must consider whether the regulatory scheme is "the sort of complex technical regulatory scheme to which the Burford abstention doctrine usually is applied."  Hi Tech Trans, 382 F.3d at 304.  According to the Third Circuit, in order to "implicate the sort of technical, complex regulatory scheme to which Burford abstention is usually applied, the action must challenge the scheme itself, rather than just actions taken under color of the scheme."  Culinary Services, 385 Fed.Appx. at 144.

Here, plaintiff does not challenge the regulatory scheme applicable to insurers under Pennsylvania law, but rather alleges that defendants' actions concerning the Borough's defense in the Blue Action violated the legal rules governing insurance conduct in Pennsylvania.

Specifically, plaintiff's Amended Complaint alleges that defendants had a duty to defend the Borough pursuant to the insurance policy and that defendants acted in bad faith by refusing to defend plaintiff in the underlying action.  Because plaintiff does not challenge Pennsylvania's regulatory scheme

governing insurers, the Opinion of the Third Circuit in <u>Culinary Services</u> counsels that plaintiff's suit does not implicate the type of complex, technical regulatory scheme to which <u>Burford</u> properly applies.  <u>Culinary Services</u>, 385 Fed.Appx. at 144.

As defendants acknowledge, federal courts have abstained pursuant to <u>Burford</u> in certain insurance-related cases.[23]  However, as defendants also point out, those cases involved insolvent insurers who were also involved in state-administered liquidation proceedings.  <u>See</u> <u>General Glass</u>, 973 F.2d at 201-202; <u>D'Aimante</u>, 864 F.2d at 1045.

Pennsylvania has established a legislative framework for the liquidation of insolvent insurers with the goal of centralizing the insurance liquidation process.  <u>Boyce v. Legion Insurance Company</u>, 2002 WL 32341783, at *2 (E.D.Pa. October 31, 2002)(Surrick, J.).

The Pennsylvania legislature centralized and regulates these liquidation proceedings to ensure a fair and adequate distribution of an insolvent insurer's limited amount of assets according to a legislatively mandated priority system.  <u>Id</u>.; <u>see also</u> <u>Maleski v. Conning and Company</u>, 1995 WL 570466, at *4-5 (E.D.Pa. September 27, 1995)(Broderick, J.).  "The complex regulations relating to insolvent insurance companies have to do with plans of rehabilitation and payment to policy holders."

---

[23]     Defendants' Memorandum at page 10.

Grode v. Mutual Fire, Marine and Inland Insurance Company,
8 F.3d 953, 959 (3d Cir. 1993)

Plaintiff does not allege, and I have no reason to believe, that defendants are insolvent or involved in state-administered liquidation proceedings pursuant to Pennsylvania law.  Thus, plaintiff's claims is not of the sort of insurance dispute to which courts in this circuit have abstained on Burford grounds.  See Grode, supra; Lac D'Amiante du Quebec, Ltee v. American Home Assurance Company, 864 F.2d 1033 (3d Cir. 1988). The complex legislative framework developed to address the problems associated with insolvent insurers is simply not implicated by plaintiff's action against defendants.

### Interference With Attempt at Uniform Regulatory Policy

Finally, I must consider whether federal review of a party's claims would interfere with the state's efforts to establish and maintain a coherent regulatory policy.  Hi Tech Trans, 382 F.3d at 304.

Defendants contend, and I agree, that plaintiff has not provided this court with citation to any case law where a district court, applying Burford, abstained from exercising its proper jurisdiction in an action involving the interpretation of an insurance policy issued by a *solvent* insurer.[24]

---

[24]    Defendant's Memorandum at page 10.

Moreover, as a district court sitting in diversity, I am obligated to apply Pennsylvania substantive law in this action.  Nationwide Mutual Insurance Co. v. Daily ex rel. Repetto, 2003 WL 22246951, *3 (E.D.Pa. September 26, 2003) (O'Neill, J.).  Specifically, I am required to apply Pennsylvania's choice-of-law rules, and then to apply the state substantive law dictated by those choice-law-rules.  See Amica Mutual Insurance Co. v. Fogel, 656 F.3d 167, 170-171 (3d Cir. 2011).

Because this action requires that I apply the same substantive law that would be applied in a Pennsylvania state court proceeding to resolve plaintiff's claims, I do not conclude that I am likely to interfere with Pennsylvania's interest in a coherent scheme of regulation of the insurance industry within the Commonwealth.

For the above reasons, I conclude that abstention pursuant to the Burford doctrine is not appropriate here.

### Remand Impermissible

Plaintiff would have me remand this action to the Court of Common Pleas of Lehigh County, Pennsylvania.  Defendants contend that although the Borough styles this action as one for declaratory relief, it is in fact an action for damages stemming from defendants' alleged bad faith and breach of the insurance

contract between the parties.[25]  Defendants contend that the

Opinion of the United States Supreme Court in Quackenbush, supra,

"does not permit a district court to remand an action for

damages" under the Burford doctrine.[26]

        According the to the Third Circuit Court of Appeals, a

district court may not abstain under Burford and dismiss the

complaint when the remedy sought is legal rather than

discretionary.  Feige v. Sechrest, 90 F.3d 846, 850 (3d Cir.

1996)(citing Quackenbush, supra); see Brown v. Knepp, (E.D.Pa.

2005)(Diamond, J.).  The United States Supreme Court has stated

that, in those cases where the Court has applied abstention

principles to actions for damages, "we have permitted federal

courts applying abstention principles in damages actions to enter

a stay, but we have not permitted them to dismiss the action

altogether".  Quackenbush, 517 U.S. at 730, 116 S.Ct. at

1727-1728, 135 L.Ed.2d at 22.

        Although the Borough styles its amended pleading as an

"Amended Action for Declaratory Judgment" and seeks "a

declaration of the rights and obligations under the Policy",[27]

and a declaration that defendants "acted in bad faith",[28] the

---

[25]    Defendants' Memorandum at pages 13-16.

[26]    Defendants' Memorandum at page 14.

[27]    Amended Action at page 17.

[28]    Id. at page 24.

Borough seeks compensatory damages (in the form of attorney's fees and costs) and punitive damages (for insurance bad faith) damages against defendants for defendants' alleged breach of an insurance contract (the Policy).[29]

Ultimately, the declarations sought by the Borough are part and parcel its legal action for damages caused by defendants' alleged breach of the insurance contract and alleged bad faith in refusing to defend the Borough in the now-terminated Blue Action.

As discussed above, I concluded that Burford abstention is not proper in this matter.  However, even if Burford abstention were required under the facts and circumstances in this case, I would not be permitted to remand of this action because plaintiff seeks damages rather than equitable relief. See Quackenbush, 517 U.S. at 730, 116 S.Ct. at 1727-1728, 135 L.Ed.2d at 22; Feige, 90 F.3d at 850; Brown, 412 F.Supp.2d at 450.

CONCLUSION

The Borough moved to remand this action to the Court of Common Pleas of Lehigh County, Pennsylvania based on the Burford abstention doctrine.  I deny the Borough's motion to remand based upon two conclusions.  First, I conclude that abstention under the Burford doctrine is not appropriate in this matter.  Second,

---

[29]     Amended Action at pages 17-18, 24-25.

I conclude that this is an action for damages, rather than equitable relief, and therefore remand of this action is not permitted.